IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cr-00182-BO-KS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) ORDER |
| JOSEPH MATTHEW DOBBS. | ) |

This matter is before the Court on Defendant Dobbs's two motions *in limine*. The first motion [DE 41] seeks to exclude certain evidence pursuant to Federal Rules of Evidence 404(b) and 403. The motion has been opposed by the government [DE 45], and is denied.

The second motion [DE 48], which seeks to sequester the government's witnesses, is granted.

## BACKGROUND

On June 4, 2024, Defendant Joseph Matthew Dobbs was named in a one count indictment charging him with possession of child sexual abuse material ("CSAM"). [DE 1]. On February 18, 2025, Dobbs entered a plea of not guilty, and the case was set for trial.

## ANALYSIS

### I. Motion to Exclude Evidence [DE 41]

On April 23, 2025, Defendant Dobbs moved for an order prohibiting the government from introducing evidence at trial of Dobbs's prior convictions and placement on the sex offender registry.[1] In 2006, Dobbs was convicted in Virginia of manufacturing sexually explicit material, carnal knowledge of a child, ten counts of possession of child pornography, and three counts of

---

[1] The Government has informed the Court that it does not seek to introduce evidence of Dobbs's placement on the sex offender registry at trial. [DE 45 at 4 n.1]. As such, that portion of the pending motion *in limine* will be denied as moot.

using a computer to solicit a minor [DE 41 at 1]. This evidence, the Defendant argues, is impermissible character evidence and otherwise prejudicial.

### A. Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b)(1) provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." To admit such evidence, the government must demonstrate that the evidence is "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). This requires the government to show that (1) the evidence is relevant to some issue other than the defendant's character, that (2) the evidence is necessary to prove an element of the charged offense, and (3) the evidence is reliable. *See United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (citing *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

Defendant argues that the government has not shown a legitimate purpose for this evidence. [DE 41 at 3]. However, in a case such as this, that is not a burden the government bears.

Federal Rule of Evidence 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." "Child molestation" is defined by the Rule as encompassing crimes such as possession of child pornography and having certain sexual contact with a child. *See* Fed. R. Evid. 414(d)(2)(A)–(F). This rule "reflects Congress's view that this propensity evidence 'is typically relevant and probative.'" *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007).

In the present child molestation case, the government seeks to introduce evidence that Defendant was previously convicted of prior acts of child molestation. This case is governed squarely by Rule 414, and such evidence is admissible.

2

### B. Federal Rule of Evidence 403

However, such evidence of prior convictions is still subject to the balancing test of Fed. R. Evid. 403. Rule 403 permits district courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To conduct this balancing test, courts "must consider factors that affect the probative value of the proffered evidence, including (a) the similarity of the prior acts to the acts charged, (b) the closeness in time of the prior acts to the charged conduct, (c) the frequency of the prior acts, (d) the presence or absence of intervening events, and (e) the reliability of the prior act evidence." *See United States v. Stamper*, 106 Fed. App'x 833, 835 (4th Cir. 2004).

The Court begins its analysis with similarity. The defendant was previously convicted of, among other crimes, the possession of child pornography and sexual abuse material. [DE 41 at 1]. He is currently charged with possession of CSAM—an identical crime. [DE 1].

Second, the closeness in time between the prior act and the charged conduct. Sixteen years ago, the defendant was sentenced to seven years of imprisonment followed by fifteen years of probation—the defendant was a little over halfway through his probation when the charged conduct occurred. The fact that the defendant was still on probation when the charged conduct occurred is suggestive of the probative value of the prior act. *See United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (evidence of a child molestation crime from 22 years ago admissible).

Third, the frequency of the prior acts. The government reports that, at the time of Defendant's prior conviction, he possessed over 100 CSAM images. Now, the government charges him with possession of over 300 such images. [DE 45 at 3]. The increase in the frequency of this conduct over time again speaks to the probative value of the prior act evidence.

3

Fourth, the presence or absence of intervening acts. The relevance of this factor is not suggested in this case, which the Court finds to be neutral.

Fifth and finally, the Court must consider the reliability of the evidence of the past offense. Here, the government seeks only to admit the certified records of conviction and Defendant's own statements during his interview with law enforcement. These records were certified by the Clerk's Office of the Circuit Court of Fairfax County, Virginia, and were otherwise recorded by audiovisual devices. The five factors taken together suggest the strong probative value of this evidence.

Defendant argues that this probative value is substantially outweighed by the risk of prejudice to Defendant, due to the evidence's "strong ability to suggest propensity," which "risks confusing the jury about which facts are evidence of this particular charge and misleading them in their ultimate determination." [DE 41 at 6].

Having conducted the five-factor balancing test, the Court finds this argument wanting. The prior act evidence is strongly probative and, given the limited scope of evidence that the government intends to introduce—certified judgments and Defendant's own testimony—is unlikely to mislead the jury or stoke the flames of unfair prejudice. It is true that the introduction of the prior conviction evidence will likely be prejudicial to Defendant—however, as the Fourth Circuit has held in similar cases, such evidence is not "unfairly prejudicial. Rather, it [is] prejudicial for the same reason it is probative—it tends to prove [Defendant's] propensity to molest young children." *Kelly*, 510 F.3d at 437–38. The motion *in limine* [DE 41] is denied.

## II. Motion to Sequester Government Witnesses [DE 48]

Defendant has also motioned the Court to sequester the government's witnesses. Federal Rule of Evidence 615(a) provides that "at a party's request, the court must order witnesses

4

excluded from the courtroom so they cannot hear other witnesses' testimony." Such an action by the court is mandatory upon request of the parties. *United States v. Farnham*, 791 F.2d 331, 334–35 (4th Cir. 1986). Further, sequestration requires that "witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties." *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2010) (en banc). However, the government may designate an officer or employee as the party representative who is exempt from this order. *United States v. Paroldi*, 703 F.2d 768, 773 (4th Cir. 1983).

## CONCLUSION

Defendant Dobbs's motion *in limine* to exclude evidence of his prior convictions is DENIED; Dobbs's motion to exclude evidence of his placement on the sex offender registry is DENIED AS MOOT [DE 41].

Dobbs's motion *in limine* to sequester the government's witnesses [DE 48] is GRANTED. The witnesses from the government are prohibited from appearing in the courtroom during the testimony of other witnesses, and are prohibited from discussing the case with anyone other than counsel for the parties. In accordance with Federal Rule of Evidence 615(a)(2), the government may designate an officer or employee as the party representative who is exempt from this order.

SO ORDERED, this __28__ day of April 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE